[No. 11138-1-II.   Division Two.   April 17, 1989.]

FIORITO BROS., INC., *Appellant,* v. THE DEPARTMENT OF TRANSPORTATION, *Respondent.*

*Richard M. Stanislaw, Mark A. Clausen, John S. Riper,* and *Stanislaw, Ashbaugh, Chism, Jacobson & Riper,* for appellant.

*Kenneth O. Eikenberry, Attorney General, Theodore O. Torve, Senior Assistant,* and *Charles F. Secrest, Assistant,* for respondent.

WORSWICK, J.—Fiorito Brothers, Inc., appeals the trial court's refusal to allow prejudgment interest, after Fiorito recovered a substantial judgment against the State for extra work under a highway construction contract. The State cross–appeals, claiming error in the admission of certain evidence and in certain jury instructions. We affirm.

In August 1983, the State and Fiorito entered into a contract for reconstruction of a portion of the Spirit Lake highway in Cowlitz County. This controversy involves excavation of rock that was not shown in the State's soil information on which Fiorito relied in making its bid. Fiorito notified the State by letter in August 1984 that it was making a claim for increased compensation because of changed conditions. In September 1984, the State acknowledged the existence of a changed condition because of excess rock, and it unilaterally issued a change order, as provided for in the contract, increasing Fiorito's contract price by $59,205.20. Fiorito accepted payment based on the change order, but reserved its right to make an additional claim for an equitable adjustment. In July 1985, Fiorito submitted a claim for $558,999.26. The parties were unable to resolve the claim without litigation. Fiorito sued for $950,000. The jury awarded it $455,712.

Fiorito claims that it should have been awarded prejudgment interest pursuant to RCW 39.76.010, the relevant portion of which provides:

Interest on unpaid public contracts—Timely payment. (1) Except as provided in RCW 39.76.020, every state agency and unit of local government shall pay interest at the rate of one percent per month, but at least one dollar per month, *on amounts due on written contracts* for public works, personal services, goods and services, equipment, and travel, *whenever the state agency* or unit of local government *fails to make timely payment.*

(2) For purposes of this section, payment shall be timely if:

(a) A check or warrant is mailed or is available *on the date specified for the amount specified in the applicable contract documents* or, if no date is specified, within thirty days of receipt of a properly completed invoice or receipt of goods or services, whichever is later.

(Italics ours.) The State contends that this statute does not apply at all, and even if it does, a good faith dispute existed because of which payment before judgment was excused by RCW 39.76.020(4). We agree with the State's first contention.[1]

■■ The statute is unambiguous and its meaning is readily apparent from its language. *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.*, 105 Wn.2d 353, 358, 715 P.2d 115 (1986). It requires the State to pay interest only if payment is not "timely." "Timely" means falling within a time prescribed by law or a contract. *Webster's Third New International Dictionary* 2395 (1969).[2]

All payments for amounts specifically set out in the contract, or for which a time was prescribed by the contract, were made on time, including the adjusted price based on the change order. What remained was simply a claim by Fiorito for additional compensation not specified in the contract. Although the contract contained some provision for dealing with such claims, it specified no time for payment or settlement, and it was less than definitive as to how a claim would be resolved. The facts of this case do not involve the sort of routine delinquency the statute was

---

[1] Fiorito's complaint actually prayed for prejudgment interest on the "first $450,000" of its recovery, alleging that the State agreed that it owed at least $450,000. The record does not support this allegation; moreover, we know of no valid theory by which a party can be required to pay prejudgment interest just because it has a settlement figure in mind that the other side has rejected.

[2] RCW 39.76.010(2) makes it clear that the statute does not apply unless the contract, if it does not specify both time and amount of payment, at least specifies the amount.

designed to remedy. Fiorito was not entitled to prejudgment interest under the statute.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PETRICH, A.C.J., and REED, J., concur.